Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2018 JUL -9 PM 4: 32

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

# UNITED STATES DISTRICT COURT

for the

District of Colorado

Civil Division

Case No. '18 - CV - 01742

*(to be filled in by the Clerk's Office)*

)
)
)
E.M.Adgar-Reitze as POA for Annemie Adgar.
)
)
*Plaintiff(s)*
)
*(Write the full name of each plaintiff who is filing this complaint.*
)
*If the names of all the plaintiffs cannot fit in the space above,*
)
*please write "see attached" in the space and attach an additional*
)
*page with the full list of names.)*
)
-v-
)
)
)
)
US Bank Trust N.A. as Indenture Trustee for
)
#5566312, LSF9 Master Participation.Trust
)
)
*Defendant(s)*
)
*(Write the full name of each defendant who is being sued. If the*
)
*names of all the defendants cannot fit in the space above, please*
)
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

## COMPLAINT AND REQUEST FOR INJUNCTION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | E. M. Adgar-Reitze as POA for Annemie Adgar |
| Street Address | 218 Conifer Drive |
| City and County | Bailey |
| State and Zip Code | CO. 80421 |
| Telephone Number | 303.668.5827 |
| E-mail Address | EMAdgarReitze@Skybeam.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1

| | |
|---|---|
| Name | Andrew J. Cecere, President & CEO of U.S BANK.TRUST |
| Job or Title *(if known)* | Trustee for LSF9 Master Participation Trust #5566312 |
| Street Address | 300 Delaware Avenue 9th Floor |
| City and County | Wilmington |
| State and Zip Code | DE 19801. |
| Telephone Number | 651-466-3000. |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question                      ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

This case seeks to redress violations of Federal law for Unfair, Deceptive, and Abusive Acts and Practices related to the fraud perpetrated on the Courts and the Plaintiff, by US Bank Trust N.A.as IndentureTrustee for LSF9 Master Participation Trust, in reference to the home of Annemie Adgar, a vulnerable consumer, and through such fraud, initiated the foreclosure process that culminates in the Trustee sale of Plaintiff's property, known as 218 Conifer Drive, Bailey, CO 80421 on July 11, 2018.

18 USC Ch. 47: FRAUD & FALSE STATEMENTS, Title 18—CRIMES AND CRIMINAL PROCEDURE, PART I -CRIMES §1006

USC, Title 15, Chapter 41,
Subchapter I, Part B Credit Transaction, §1639a. Duty of servicers of residential mortgages (g)
§1639f. Requirements for prompt crediting of home loan payments (a) In general

15 USC Chapter 41, Subchapter 1, Part B: Consumer Cost Disclosure, §1638.Transactions other than under an open-end credit plan: Duty of servicers of residential mortgages (f)
Periodic statements for residential mortgage loans 1.

12 USC § 1818(b)(1), (e)(1), and (i)(2)."Unfair or Deceptive Acts or Practices: Applicability of the Federal Trade Commission Act," FIL 57-2002 (May 30, 2002) Deceptive Practices:
An act or practice is deceptive where
• a representation, omission, or practice misleads or is likely to mislead the consumer;
• a consumer's interpretation of the representation, omission, or practice is considered reasonable under the circumstances; and
• the misleading representation, omission, or practice is material

29 U.S.C. §§ 201-219 (1994). Fair Labor Standards Act

18 U.S.C. §§ 1961-1968 (FLSA), and the Racketeer Influenced and Corrupt Organization Act (RICO)

No federal statute can "be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012(b).

UCC § 2-106(4) "Cancellation" occurs when either party puts an end to the contract for breach by the other and its effect is the same as that of "termination" except that the canceling party also retains any remedy for breach of the whole contract or any unperformed balance.

---

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff(s)

    a.    If the plaintiff is an individual
        The plaintiff, *(name)*   E.M.Adgar-Reitze - POA for Annemie Adgar  , is a citizen of the State of *(name)*   Colorado                                                          .

    b.    If the plaintiff is a corporation
        The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,
        and has its principal place of business in the State of *(name)*

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

_____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

   a.    If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

   b.    If the defendant is a corporation

   The defendant, *(name)* U.S. Bank Trust for LSF9 M.P.Trust, is incorporated under the laws of the State of *(name)* Delaware, and has its principal place of business in the State of *(name)* _____.

   Or is incorporated under the laws of *(foreign nation)* _____,

   and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

   The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

   12 USC 5565: Relief available
   Civil money penalty in court and administrative actions
   (1) In general
   Any person that violates, through any act or omission, any provision of Federal consumer financial law shall forfeit and pay a civil penalty pursuant to this subsection.
   (2) Penalty amounts
   (A) First tier
   For any violation of a law, rule, or final order or condition imposed in writing by the Bureau, a civil penalty may not exceed $5,000 for each day during which such violation or failure to pay continues.
   (B) Second tier
   Notwithstanding paragraph (A), for any person that recklessly engages in a violation of a Federal consumer financial law, a civil penalty may not exceed $25,000 for each day during which such violation continues.
   (C) Third tier
   Notwithstanding subparagraphs (A) and (B), for any person that knowingly violates a Federal consumer financial law, a civil penalty may not exceed $1,000,000 for each day during which such violation continues. Equates to a conservative estimate of $ 2,227,000 to $ 465,000,000.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

US Bank Trust N.A.as IndentureTrustee for LSF9 Master Participation Trust, violated several Federal statutes in Colorado.

B.    What date and approximate time did the events giving rise to your claim(s) occur?

October 15, 2015 through the present, US Bank Trust N.A.as IndentureTrustee for LSF9 Master Participation Trust, committed violations of Federal statutes including Unfair, Deceptive, or Abusive Acts and Practices (UDAAP) violations.

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

The Jurisdiction of the Court under U.S. Code › Title 28 › Part IV › Chapter 85 › § 1331 is based on Federal questions of wrong-doing. Furthermore, Plaintiff is assuming that in light of this status, as a party in default, that absent the vacatur of this default upon the grounds enumerated in FRCP Title VII Rule 60 (b) 3 & (d) 3 or others available; Plaintiff cannot obtain relief from this Court, and Plaintiff prays the court finds the presented prima facia evidence of fraud, grounds sufficient to allow Defendant occasion at trial to clarify their position on the apparent fraud perpetrated on the Court as well as on the Plaintiff. The Defendant should have the opportunity to deal with the liability for their fraud.

The Attorneys for the Defendant, Attorneys Barrett, Frappier & Wiesserman, LLP presented a line of reasoning apparently but not actually valid to the Court, in the cause of action that established there was default. Plaintiff was not able to answer the summons and complaint served, but Plaintiff inherently understood that there was something wrong with this picture and that a line of reasoning apparently but not actually valid had been presented to the court, and that as such, the default was based on a fraud, but was fixed and determined in the order of reference issued. (see Woodson v Mendon Leasing Corp., 100 NY2<1 62, 760 NYS2d 727 [2003 I; Bay Cre.'>I Assn., file. v. Paar, 99 AD3d 744, 952 NYS2d 21
1 l2d Dept 2012]).

Exhibits A and B: August 2017 and September 2017 receipts prove the fraud that is the basis for the default which is the basis for the Trustee sale of my Mother's home scheduled for July 11, 2018, also known as 218 Conifer Drive, Bailey, CO, 80421. Furthermore, responding to a complaint filed by me with the CFPB, the lender responded on May 15, 2018 " On November 1, 2017, the loan was contractually due for the July 1, 2017, and subsequent monthly installments. Due to the delinquency of the loan, the property was referred to foreclosure on October 30, 2017." Please see: USC, Title 15, Chapter 41, Subchapter I, Part B Credit Transaction, §1639a. Duty of servicers of residential mortgages (g)

> No provision of subsection (b) or (d) shall be construed as affecting the liability of any servicer or person as described in subsection (d) for actual fraud in the origination or servicing of a loan or in the implementation of a qualified loss mitigation plan, or for the violation of a State or Federal law, including laws regulating the origination of mortgage loans, commonly referred to as predatory lending laws.

(Pub. L. 90–321, title I, §129A, as added Pub. L. 110–289, div. A, title IV, §1403, July 30, 2008, 122 Stat.
2809; renumbered §129 and amended Pub. L. 111–22, div. A, title II, §201(b), May 20, 2009, 123 Stat.
1638; renumbered §129A, Pub. L. 111–203, title XIV, §1402(a)(1), July 21, 2010, 124 Stat. 2138.)
§1639f. Requirements for prompt crediting of home loan payments (a) In general

> In connection with a consumer credit transaction secured by a consumer's principal dwelling, no servicer shall fail to credit a payment to the consumer's loan account as of the date of receipt, except when a delay in crediting does not result in any charge to the consumer or in the reporting of negative information to a consumer reporting agency, except as required in subsection (b).

(Pub. L. 90–321, title I, §129F, as added Pub. L. 111–203, title XIV, §1464(a), July 21, 2010, 124 Stat. 2184.)

## IV.    Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

The only significant value left of the life my Father shared with my Mother, my Mother's home, was purchased as their primary residence in 2004 because my Father, born in Colorado, intended they settle in Colorado. My Father worked overseas, but had to have access to Madigan Hospital, in Lakewood, Washington so a small apartment was maintained after my parents sold their 3,000 sf home. Many seniors have different addresses for the winter; my Mother enjoys time at her home in Colorado, but spends the winter in Washington.

It would be hard for any reasonable individual, looking at the reality of being a military widow, to understand the challenges that presented to military widows after 2008. TRICARE, the retired military healthcare provider implemented a rigorously enforced proximity rule in August 2009, which demands that, a military widow maintain an address within 30 minutes or 40 miles of their TRICARE healthcare provider or lose their medical benefits. The diligence with which my Mother must attend to her health status is deadly earnest as she had a mastectomy in 1993. Moreover, the loss of every one of the women in the cancer support group my Mother joined in 1993, because of the reoccurrence of the disease, is compelling. The doctors that know my Mother's case history are at Madigan hospital  and hopefully this will suffice to explain why an apartment must be maintained in Lakewood, Washington.

My Father's death had a devastating financial impact on my Mother because my Father left no estate other than the home in Colorado; there was no longer a Life Insurance policy for assistance with the $3,100 cremation and the $1,600 necessary to make the trip to Arlington National Cemetery, to inurn my Father's ashes.

My Mother's credit rating had been exceptional and she owns no diamonds or furs. But my Mother was authorized on credit cards used by my Father for emergency medical expenses overseas, so she was held reposible for the balance on my Father's credit cards. The nest egg my Mother had managed to keep for so long was quickly depleted; my Mother had still to travel to Riyadh ($2,800 airline ticket) to close my Father's apartment, which required months of preparation to obtain a travel visa that unfortunately allowed only enough time to have the furniture removed to vacate the apartment. Most of Father' possessions stayed in Riyadh.

The  crisis of the death of my Father was further compounded in October 2009; the survivor annuity that my Mother receives as a military widow was significantly reduced, to offset the Dependency and Indemnity Compensation awarded to my Mother, based on my Father's service (Agent Orange related diabetes and heart disease) disability. My Mother does not make a habit of discussing the challenges she has faced because it is very distressing for her and effects her high blood pressure adversely, hence my POA for my Mother.

My Mother and some of the 57,000 other military widows legally entitled to receive the full SBP annuity (Survivor Benefit Plan) their husbands paid into a government annuity plan, also receive a survivor benefit, DIC (Dependent Indemnity Compensation) from the VA, based on the fact that their husbands died of a military service related disability. The government, as of October 2009 offsets the full SBP (Survivor Benefit Plan) benefit paid to surviving widows even though their husbands had paid into the government annuity plan religiously for so many years to protect their wives if they died; the SBP/ DIC offset reduces the benefits paid to their military widows substantially; the offset has increased and is currently $ 1,233.

The offset, ruled a governmental misinterpretation of the law by the Court, has not yet been revoked. As confounding to a reasonable person as it might be, widows who have remarried are eligible to receive the full SBP benefit without the offset. The US Senate is not compelled to make it right with 57,000 military widows whose husbands all paid in full for the SBP benefit and lost their lives because of service related illness.

The $ 60,000 downpayment, is all my Mother has left of funds she was able to accumulate while my Father was alive. My Father believed that the SBP benefits that he had so diligently paid, for so many years, would make life just a little bit easier for my Mother if he were no longer alive. My parents had no investments other than the military SBP program and her home in Colorado. When the Senate repays money 57,000 widow's husbands paid, for so many years, to protect those they left behind, it will finally acknowledge the sacrifice made by these widows' husbands, because their husbands lost their lives due to their vigilance and dedication, in service to this country.

Bell's Palsy paralyzed one side of my Mother's beautiful face years ago and due to lymph nodes removed in a mastectomy in 1993, Mother is susceptible to illnesses. My Mother answered loan modification interview questions in 2015, while being treated in the Emergency room for the painful disorder that ravaged the paralyzed portion of her face because of the stress of the modification process. Dealing with the possibility of losing the only significant value remaining as my Father's legacy, is wreaking havoc with her health. As her eldest child, as Power of Attorney for my Mother, it is my duty to represent my Mother in this cause of action against US Bank for LS9 Master Participation Trust for the fraud perpetrated on my vulnerable Mother.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

U.S. Bank, N.A. as IndentureTrustee for LSF9 Master Participation Trust, increased the Hazard insurance coverage escrow to a value of $ 517,000; according to CFPB federal regulations, a lender can do forced place hazard insurance only if it is less expensive to the borrower. CFPB has relied upon its authority to prosecute Unfair, Deceptive, or Abusive Acts and Practices (UDAAP) and this is prima facia example of a violation of UDAAP.
According to the CFPB: Civil money penalty in court and administrative actions
(1) In general
Any person that violates, through any act or omission, any provision of Federal consumer financial law shall forfeit and pay a civil penalty pursuant to this subsection.
(C) Third tier
Notwithstanding subparagraphs (A) and (B), for any (corporation)
person that knowingly violates a Federal consumer financial law, a civil penalty may not exceed $1,000,000 for each day during which such violation continues. February 2017 to date equates to a conservative estimate of $ 2,227,000 to $ 465,000,000.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    07/05/2018

Signature of Plaintiff    *E.M. Adgar-Peirce as POA for Annemie Adgar*
Printed Name of Plaintiff    E.M. Adgar as POA for Annemie Adgar

### B.    For Attorneys

Date of signing:    _____

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Signature of Attorney
_____

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code
_____

Telephone Number
_____

E-mail Address

1. CASE BRIEF

Plaintiff: Annemie Adgar

vs

Defendant: US Bank Trust as Trustee for LSF9 Master Participation Trust

This cause of action seeks to redress violations of Federal law for and related to the wrongful filing and of an alleged of Default by US Bank Trust as Trustee for LSF9 Master Participation Trust, against the Plaintiff, Annemie Adgar, and through such filing, perpetrate a fraud against the court, and against Plaintiff (1) the wrongful filing of Default against the home of Plaintiff, and through such filing the initiation of non-judicial foreclosure against her property by an entity lacking standing to assert such claims; (2) the wrongful attempt to collect monies on a mortgage debt that the parties seeking to collect do not own and which cannot be validated or substantiated in terms of the nature, extent, or amount of the debt; (3) the knowing and repeated failure on the part of Defendant to timely provide the specific documentation substantiating their standing to initiate a non-judicial foreclosure, as well as their ability to validate the amount of mortgage debt allegedly owed under the mortgage loan; and (4) the wrongful attempt to assert an invalid ownership interest in contravention of Plaintiff's clear title. Plaintiff requests the court allow this cause of action for: deceptive mortgage servicing conduct, unfair business practices, wrongful conduct, breach of the implied covenant of good faith in misapplied payments, equitable estoppel, and wrong doing in the action that increased replacement value(s) in homeowner's hazard insurance for said property; considered here, for the sake of argument, to functionally represent a forced placed insurance; as causes of action.

FACTUAL ALLEGATIONS

**FIRST CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY IN MISSAPPLIED PAYMENTS (AGAINST US BANK AS TRUSTEE FOR LSF9 MASTER PARTICPATION TRUST)**

1. US Bank Trust as Trustee for LSF9 Master Participation Trust engaged in a pattern and practice of

## 2. CASE BRIEF

fraud by concealment, denying the Plaintiff, a vulnerable consumer, printed mailed monthly billing statement information about the account to which Plaintiff was legally entitled.

2. Additionally, US Bank Trust as Trustee for LSF9 Master Participation Trust concealed material facts with the intent to commit fraud against the Plaintiff, and by extension, the Court.

3. US Bank Trust as Trustee for LSF9 Master Participation Trust failed in its fiduciary duty to properly credit payments. Emotional distress resulted from a defendant's negligent breach of a duty owed to the plaintiff. (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty to the plaintiff; (3) the plaintiff suffered an injury; and (4) the breach of the duty was the proximate cause of the injury. AALAR, Ltd. v. Francis, 716 So. 2d 1141, 1144 (Ala. 1998) (citing Crowne Investments, Inc. v. Bryant, 638 So. 2d 873 (Ala. 1994)). See KEETON ET AL., slrprn note 6, g; 30 (4) The defendant could have reasonably foreseen that its negligent act would result in a plaintiff's emotional injury. Dillon, 441 P.2d at 919-21.

4. US Bank Trust as Trustee for LSF9 Master Participation Trust, breached the note and deed of trust by failing to apply the payments made by Plaintiff in August and September 2017 to Plaintiff's account.

5. US Bank Trust as Trustee for LSF9 Master Participation Trust had actual knowledge that the Plaintiff's account was not accurate but, US Bank Trust as Trustee for LSF9 Master Participation Trust used the inaccuracy to initiate the foreclosure process on the Subject Property.

6. US Bank Trust as Trustee for LSF9 Master Participation Trust, without privilege, has caused Plaintiff to Suffer compensatory, general and special damages in an amount to be proven at trial. Additionally, US Bank Trust as Trustee for LSF9 Master Participation Trust acted with malice, fraud and oppression and, thus, Plaintiff is entitled to an award of punitive damages. The Plaintiff may make a "just and reasonable estimate" of damages based on inferential and direct proof.

3. CASE BRIEF

**SECOND CAUSE OF ACTION: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (AGAINST US BANK AS TRUSTEE FOR LSF9 MASTER PARTICPATION TRUST)**

7. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 6, inclusive, as though fully set forth herein.

8. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement. The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the loan modification agreement in October 2015.

9. Alternatively, if the note and deed of trust was validly and properly assigned to US Bank Trust as Trustee for LSF9 Master Participation Trust, US Bank Trust as Trustee for LSF9 Master Participation Trust did not act in good faith and did not deal fairly with Plaintiff, a vulnerable consumer, in connection with the note and deed of trust when they did not apply the August and September 2017 payments to the loan and thereafter, wrongfully initiated the foreclosure process on the Subject property, even though Plaintiff has provided verification of payments that were made on line. (Please find Exhibits a and b).

10. The US Bank Trust as Trustee for LSF9 Master Participation Trust enjoyed substantial discretionary power affecting the rights of Plaintiff during the events alleged in this Complaint. They were required to exercise such power in good faith. Emotional distress resulted from a defendant's negligent breach of a duty owed to the plaintiff.

11. US Bank Trust as Trustee for LSF9 Master Participation Trust engaged in such conduct to withhold

4. CASE BRIEF

critical information regarding monthly billing cycle charges by fraud of concealment and these actions allowed the defendant, US Bank Trust as Trustee for LSF9 Master Participation Trust to initiate the foreclosure process so that US Bank Trust as Trustee for LSF9 Master Participation Trust could acquire the Subject Property at the Trustee sale scheduled for July 11, 2018.  These actions were a breach of the implied covenant of good faith between the Plaintiff and US Bank Trust as Trustee for LSF9 Master Participation Trust; which breached good faith in the contract, consisting of the original note, deed of trust and loan modification.

12.  As a result of the US Bank Trust as Trustee for LSF9 Master Participation Trust breaches of this covenant, Plaintiff has suffered general, compensatory and special damages in an amount to be determined at trial. Additionally, US Bank Trust as Trustee for LSF9 Master Participation Trust acted with malice, fraud and oppression and, thus, Plaintiff is entitled to an award of punitive damages. The Plaintiff may make a "just and reasonable estimate" of damages based on inferential and direct proof.

**THIRD CAUSE OF ACTION FOR DEFAMATION OF CHARACTER, A SEPARATE FRAUD**
**(AGAINST US BANK AS TRUSTEE FOR LSF9 MASTER PARTICPATION TRUST)**

13. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 11, inclusive, as though fully set forth herein.

15. As a direct and proximate cause of the unlawful acts and practices of the US bank Trust as Trustee For LSF9 Master Participation Trust, Plaintiff has suffered and will continue to suffer damages in the form of undeserved fees and interest charges based on a diminished credit rating as a direct result of the  fraud perpetrated on the court and the Plaintiff.

16.  At all times relevant herein, US Bank Trust as Trustee for LSF9 Master Participation Trust, acting as

5. CASE BRIEF

US Bank Trust as Trustee for LSF9 Master Participation Trust, had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records, including, but not limited, disclosing to Plaintiff the status of the monthly billing cycle for the account in printed format via the mail, refraining from taking any action against Plaintiff that it did not have the legal authority to do, and providing all relevant information regarding the loan Plaintiff had with US Bank Trust as Trustee for LSF9 Master Participation Trust, to Plaintiff.

17. In taking the actions alleged above, and in failing to take the actions as alleged above, US Bank Trust as Trustee for LSF9 Master Participation Trust breached its duty of care and skill to Plaintiff in the servicing of Plaintiff's loan. Under the circumstances alleged US Bank Trust as Trustee for LSF9 Master Participation Trust owed a duty to Plaintiff to provide her with accurate information about the status of Plaintiff's mortgage loan account.

18. US Bank Trust as Trustee for LSF9 Master Participation Trust made the above-referenced false representations, concealments and non-disclosures with knowledge of the misrepresentations, to Plaintiffs, which the unsuspecting Plaintiff justifiably relied upon, resulting in damage to her credit standing.

19. US Bank Trust as Trustee for LSF9 Master Participation Trust will have caused, as of July 11, 2018, the recording of a Notice of Trustee's Sale against the Subject Property.

20. As a result of the US Bank Trust as Trustee for LSF9 Master Participation Trust notice to reporting agencies of Plaintiff's default, Plaintiff has suffered general, compensatory and special damages in an amount to be determined at trial. Additionally, US Bank Trust as Trustee for LSF9 Master Participation Trust acted with malice, fraud and oppression and, thus, Plaintiff is entitled to an award of punitive damages. The Plaintiff may make a "just and reasonable estimate" of damages based on inferential and

6. CASE BRIEF

direct proof.

**FOURTH CAUSE OF ACTION FOR EQUITABLE ESTOPPEL**

**(AGAINST US BANK AS TRUSTEE FOR LSF9 MASTER PARTICPATION TRUST)**

21. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 19, inclusive, as though fully set forth herein.

22. The elements required for equitable estoppel are "(1) belief and reliance on some representation; (2) a change of position as a result thereof; and (3) detriment or prejudice caused by the change of position." Eagle Mgmt. LLC v. Parks, 938 So. 2d 899, 904 (¶13) (Miss. Ct. App. 2006)

22. US Bank Trust as Trustee for LSF9 Master Participation Trust, accepted two payments in April 2017 which allowed Plaintiff the expectation that if Plaintiff forgot to make a payment, US Bank Trust as Trustee for LSF9 Master Participation Trust would inform Plaintiff as had been done in April 2017, because no printed monthly billing statement was sent to Plaintiff. Without privilege, US Bank Trust as Trustee for LSF9 Master Participation Trust has caused Plaintiff to suffer compensatory, general and special damages in an amount to be proven at trial. Additionally, US Bank Trust as Trustee for LSF9 Master Participation Trust acted with malice, fraud and oppression and, thus, Plaintiff is entitled to an award of punitive damages. The Plaintiff may make a "just and reasonable estimate" of damages based on inferential and direct proof.

**FIFTH CAUSE OF ACTION FOR Unfair, Deceptive, and Abusive Acts and Practices (UDAAP)**

**(AGAINST US BANK AS TRUSTEE FOR LSF9 MASTER PARTICPATION TRUST)**

23. Moreover, US Bank Trust as Trustee for LSF9 Master Participation Trust engaged in a uniform pattern and practice of unfair and deceptive mortgage servicing conduct, unfair business practices, oppression

7 CASE BRIEF

and malice in wrongful conduct, and negligent infliction of emotional distress on the Plaintiff that resulted in the assessment of unwarranted escrow fees, in violation of Federal consumer protection statutes. These actions by US Bank Trust as Trustee for LSF9 Master Participation Trust, did take advantage of the Plaintiff, a vulnerable consumer.

24. Plaintiff challenges US Bank Trust for LSF9 Master Participation Trust for wrongful conduct, not the reasonableness or propriety of the homeowner's insurance rate that triggered that conduct. District Courts in the Third Circuit have followed this reasoning in holding that the filed rate doctrine does not apply to claims like those pled here.  Fines for violations such as those described are published.

25. US Bank Trust as Trustee for LSF9 Master Participation Trust, fraudulently and without privilege, has caused Plaintiff to suffer compensatory, general and special damages in an amount to be proven at trial. Additionally, US Bank Trust as Trustee for LSF9 Master Participation Trust acted with malice, fraud and oppression and, thus, Plaintiff is entitled to an award of punitive damages. The Plaintiff may make a "just and reasonable estimate" of damages based on inferential and direct proof.

26. Additionally, after the fraud committed by US Bank Trust as Trustee for LSF9 Master Participation Trust against the Court and the Plaintiff has been proven in trial, it will secure a vacatur of the default, Plaintiff will be therefore entitled to injunctive relief and can challenge defendant's lack of standing.

**SIXTH CAUSE OF ACTION FOR LACK OF STANDING**

**(AGAINST US BANK AS TRUSTEE FOR LSF9 MASTER PARTICPATION TRUST)**

27. After the vacatur of the default has been granted, because of the fraud perpetrated on the Court, and after Plaintiff has been vindicated of the default in trial, the issue of the lack of standing of the Defendant in Colorado District Court can be addressed. Attorneys representing the Defendant filed a cause of action to initiate the foreclosure process in Colorado District Court for the Defendant, US

8. CASE BRIEF

Bank Trust as Trustee for LSF9 Master Participation Trust, a Corporation originating in Delaware that consistently has been shown to be unable to demonstrate standing in court. See included N.Y. Supreme Court finding.

28. US Bank Trust as Trustee for LSF9 Master Participation Trust, fraudulently and without privilege, has caused Plaintiff to suffer compensatory, general and special damages in an amount to be proven at trial. Additionally, US Bank Trust as Trustee for LSF9 Master Participation Trust acted with malice, fraud and oppression and, thus, Plaintiff is entitled to an award of punitive damages. The Plaintiff may make a "just and reasonable estimate" of damages based on inferential and direct proof.

PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against US Bank Trust as Trustee for LSF9 Master Participation Trust, as follows:

1. For the Court to consider whether Plaintiff will suffer irreparable harm if a Temporary Restraining Order to enjoin the Trustee sale scheduled for July 11, 2018, and ultimately a preliminary injunction is not granted.  To justify a preliminary injunction, irreparable harm must be "presently threatened or imminent and for which no adequate legal remedy exists to restore that plaintiff to its rightful position."  Fund for Cmty. Progress, 695 A.2d at 521. Without an injunction, foreclosure on the property at issue may proceed resulting in the loss of Plaintiff's home. As such a foreclosure is precisely the type of irreparable injury for which an injunction is appropriate since a legal remedy such as monetary damages would be inadequate to compensate the victim for its loss." Id. at
 In balancing the equities, a court must consider harms to the plaintiff if the preliminary injunction is denied, harms to the defendant if the preliminary injunction is granted, and the importance of the public interest.

9 CASE BRIEF

PRAYER FOR RELIEF (Continued)

2.  For a declaration of the rights of the parties, specifically, that the foreclosure and Trustees Sale of the Plaintiff's residence scheduled for July 11, 2018 is wrongful, as it is based on a fraud perpetrated on the Court, as well as the Plaintiff.

3. For a vacatur of the default based on the fraud perpetrated on the Court and the Plaintiff to vacate and set aside a Default foreclosure sale if need be; to issue an Order canceling any Trustee's Deed Upon Sale; to vacate any Trustee's Deed, if need be.

4. For compensatory, special, general and punitive damages according to proof against the Defendant. for civil penalties pursuant to statute, restitution, and injunctive relief as the Court deems proper.